**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RYOKO CUNNINGHAM,

          Petitioner,

                                     Case No. 3:16-cv-1349-J-34JBT

vs.

TERRANCE CUNNINGHAM and
GLENDA CUNNINGHAM,

          Respondents.

_____/

# O R D E R

     **THIS CAUSE** comes before the Court on Respondents' Motion for Out-of-State Non-Party Witnesses to Testify by Telephone or Videoconference or, in the Alternative, Motion for Continuance and Incorporated Memorandum of Law (Doc. 28; Motion), filed on December 21, 2016.  Petitioner initiated these proceedings on October 26, 2016, by filing a Verified Petition for the Return of Minor Child Pursuant to International Treaty and Federal Statute and Request for Issuance of Show Cause Order (Doc. 1; Verified Petition) pursuant to The Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, et seq.[1]  In accordance with the expedited nature of Hague Convention proceedings, the Court scheduled this matter for an evidentiary hearing to be held on January 5, 2017.  See Minute Entry (Doc. 19), entered November 23, 2016.  In the instant Motion, Respondents seek to

_____

[1]     ICARA was previously located at 42 U.S.C. § 11601.

present at the evidentiary hearing the testimony of four witnesses via telephone, videoconference or other remote means such as Skype.  <u>See</u> Motion at 1.  In accordance with the Court's instructions, <u>see</u> Minute Entry (Doc. 27), Petitioner filed her response in opposition to the Motion on December 22, 2016.  <u>See</u> Petitioner's Objection to Respondents' Motion for Out-of-State Non-Party Witnesses to Testify by Telephone or Videoconference or, in the Alternative, Motion for Continuance and Petitioner's Motion in Limine to Exclude Proposed Witnesses (Doc. 31; Response).  Accordingly, this matter is ripe for review.

> Pursuant to Rule 43, Federal Rules of Civil Procedure (Rule(s)),
>
> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

<u>See</u> Rule 43(a).  Upon review of the Motion and Response, and after due consideration of the logistical difficulties posed by these expedited proceedings, the Court finds compelling circumstances and good cause to grant the instant Motion.  Although it is the Court's strong preference that a witness testify in person at the evidentiary hearing, the Court will permit the testimony of three of the four witnesses identified in the Motion by contemporaneous transmission from a remote location.[2]  However, Respondents must arrange for each witness to testify from a court reporter's office or other facility with videoconference

---

[2] The Court will not permit the remote testimony of Joshua Weber.  Because Petitioner agreed to the substance of Weber's testimony as presented in the Motion, it is unnecessary for him to be presented as a witness.  <u>See</u> Response at 6.  Thus, the three witnesses permitted to testify remotely are: Glenda Cunningham (not the Respondent), Theodore Wills, and Respondents' expert on Japanese law.  The Court will not permit any other witnesses to testify remotely as no other motions seeking such relief were filed by the December 21, 2016 deadline.

2

equipment that is compatible with the Court's technology systems.   To the extent Respondents seek leave to present a witness's remote testimony by any other means of transmission, such request is denied.   Respondents are cautioned that if they elect to present these witnesses remotely, in the event the transmission fails or is ineffective, the Court will not delay or continue the proceedings such that Respondents may be forced to forego presentation of that evidence.

In addition, the Court finds that the safeguards proposed by Respondents are appropriate.   See Motion at 12.   As such, a person authorized to administer oaths in the location where the witness is located must swear the witness from that location, the witness must be alone in the room when presenting his or her testimony, the witness must be provided with any relevant documentary evidence in advance, and Respondents shall pay any costs associated with arranging the remote testimony.   Id. at 12-13.   Respondents must also coordinate with the Court's technology specialists to arrange for the presentation of their witnesses by videoconference and allow for appropriate testing of this technology. Respondents must make the appropriate arrangements prior to the hearing, and the Court will not continue the hearing due to technological or scheduling difficulties.   In an abundance of caution, and as what the Court considers a last resort, the Court will accept evidence presented by declaration.   However, to the extent a witness intends to testify via declaration as to matters such as a party's intent, the witness should set forth in detail the manner in which he or she obtained that knowledge, for example, what was said to the witness by whom, or how the witness otherwise knows this information.

Finally, the Court notes that Petitioner includes a Motion in Limine seeking the exclusion of these witnesses in her Response.[3]  See Response at 1.  Petitioner contends that that the testimony of these witnesses is irrelevant or cumulative.  See Response at 1, 5-7.  The Court lacks sufficient information at this time to assess the relevance or cumulativeness of this testimony and as such, will deny this request without prejudice to Petitioner raising these objections at the evidentiary hearing.  In light of the foregoing, it is

**ORDERED**:

1. Respondents' Motion for Out-of-State Non-Party Witnesses to Testify by Telephone or Videoconference or, in the Alternative, Motion for Continuance and Incorporated Memorandum of Law (Doc. 28) is **GRANTED, in part, and DENIED, in part.**

    A.   The Motion is **GRANTED** to the extent that the Court will permit Glenda Cunningham, Theodore Wills, and the expert on Japanese law to testify remotely at the January 5, 2017 evidentiary hearing subject to the requirements set forth above.

    B.  In all other respects, the Motion is **DENIED.**

2. To the extent Petitioner moves for the exclusion of these witnesses in Petitioner's Objection to Respondents' Motion for Out-of-State Non-Party Witnesses to Testify by Telephone or Videoconference or, in the Alternative, Motion for Continuance and Petitioner's Motion in Limine to Exclude Proposed Witnesses (Doc. 31), this request is **DENIED, without prejudice.**  Petitioner may raise her

---

[3] The Court notes that this motion for relief fails to comply with the Local Rules of this Court.  Specifically, Petitioner does not include a memorandum of law to support her argument that these witnesses are due to be excluded, nor does she provide a certificate of conferral with opposing counsel.  See Local Rules 3.01(a), (g), United States District Court, Middle District of Florida.

objections to the relevance or cumulativeness of this testimony at the evidentiary hearing.

**DONE AND ORDERED** in Jacksonville, Florida, this 27th day of December, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
J.T. Hedman