**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RYOKO CUNNINGHAM,

    Petitioner,

vs.                             Case No. 3:16-cv-1349-J-34JBT

TERRANCE CUNNINGHAM and
GLENDA CUNNINGHAM,

    Respondents.
_____/

**O R D E R**

**THIS CAUSE** comes before the Court on Respondents' Motion for Clarification and/or Reconsideration Regarding Remote Testimony of Japanese Expert and Incorporated Memorandum of Law (Doc. 39; Motion), filed on December 30, 2016. Petitioner filed a response in opposition to the Motion on January 3, 2017. See Petitioner's Objection to Respondents' Motion for Clarification and/or Reconsideration Regarding Remote Testimony of Japanese Expert and Motion in Limine to Exclude Experts (Doc. 48; Response). The Court entered an Order (Doc. 32) on December 27, 2016, which, inter alia, granted Respondents leave to present the testimony of an expert on Japanese law by contemporaneous transmission from a remote location using the Court's videoconference technology. See Order at 4. However, the Order stated, in pertinent part, that this witness must be sworn by a person authorized to administer oaths in the location where the witness is located, and that Respondents must arrange for the witness to testify from a court reporter's office or other facility with videoconference equipment that is compatible with the

Court's technology systems. See id. at 2-3.  In the instant Motion, Respondents request relief from the requirement that an authorized person in the location where the witness is located administer the oath.[1]  See generally Motion.  Upon review, the Court determines that the Motion is due to be granted.

In consideration of Rule 44.1, Federal Rules of Civil Procedure (Rule(s)), and Article 14 of The Convention on the Civil Aspects of International Child Abduction ("the Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, and because this witness will testify solely on the subject of Japanese law, the Court will permit the expert witness to testify remotely from Japan and be sworn by the courtroom deputy present in the courtroom here. However, it is incumbent on Respondents to determine whatever hardware or software is necessary to allow transmission of the testimony via the Court's videoconference technology and ensure the witness' access to this technology.  Respondents are admonished that the Court will not delay the proceedings due to an inability to accomplish a viable remote connection with the witness.  As such, Respondents should take whatever steps they deem appropriate to have an alternative method of presenting this evidence available.

Finally, contemporaneously with her Response, Petitioner again moves for the exclusion of Respondents' expert witnesses.  See Response at 1.  However, this request is denied without prejudice for the reasons expressed in the Court's December 27, 2016 Order.  See Order at 4 & n.3.  In light of the foregoing, it is

---

[1] Respondents also seek clarification "that the expert in Japan may testify via videoconference from her law office in Tokyo as an appropriate 'other facility.'"  See Motion at 5.  The Court's prior Order stated that "Respondents must arrange for each witness to testify from a court reporter's office or other facility with videoconference equipment that is compatible with the Court's technology systems."  See Order at 2-3 (emphasis added).  Thus, to the extent that the witness' law office is equipped with "videoconference equipment that is compatible with the Court's technology systems," and the Motion indicates that it will be, see Motion at 3, the witness may testify from that location in accordance with the Court's prior Order.

2

**ORDERED**:

1. Respondents' Motion for Clarification and/or Reconsideration Regarding Remote Testimony of Japanese Expert and Incorporated Memorandum of Law (Doc. 39) is **GRANTED** to the extent set forth above, and otherwise denied.

2. To the extent Petitioner moves for the exclusion of the expert witnesses in Petitioner's Objection to Respondents' Motion for Clarification and/or Reconsideration Regarding Remote Testimony of Japanese Expert and Motion in Limine to Exclude Experts (Doc. 48), this request is **DENIED, without prejudice.** Petitioner may raise her objections to the relevance or cumulativeness of this testimony at the evidentiary hearing.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of January, 2017.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
J.T. Hedman

3