**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RYOKO CUNNINGHAM,

        Petitioner,

                                        Case No. 3:16-cv-1349-J-34JBT

vs.

TERRANCE CUNNINGHAM and
GLENDA CUNNINGHAM,

        Respondents.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Motion to Stay Court's February 17, 2017 Opinion and Order, March 9 Order Directing Return, and to Waive Bond and Incorporated Memorandum of Law (Dkt. No. 92; Motion) filed at 1:43 p.m. on March 11, 2017, by Respondents Terrance Cunningham and Glenda Cunningham.    In the Motion, Respondents seek a stay of this Court's February 17, 2017 Opinion and Order directing the return of the minor child to Japan, and its March 9, 2017 Order finalizing the logistics of the return of the child. See Motion at 1.  In the event the Court denies the requested stay, Respondents ask for a one week stay to permit them to seek a stay from the Eleventh Circuit Court of Appeals. See id.  Petitioner has not responded to the Motion, likely because it was filed after the child at issue in this Hague Convention proceeding had been delivered to Petitioner for her impending return to Japan.

The facts of this case are fully set forth in the Court's February 17, 2017 Order (Dkt. No. 61; February 17 Order) granting the Verified Petition for the Return of Minor Child

Pursuant to International Treaty and Federal Statute and Request for Issuance of Show Cause Order (Dkt. No. 1). In the interest of time, the Court will not repeat those facts here. Upon review of the Motion and the procedural history of this action, the Court determines that the Motion must be denied.

As an initial matter, the Court notes that Respondents unduly delayed in filing the Motion. Notably, on February 17, 2017, the Court entered its Order directing the return of the child to Japan and stating that absent any agreement of the parties, the Court would require the child to be returned to Petitioner on March 3, 2017. See February 17 Order at 61. Because the parties failed to reach an agreement as to an appropriate plan to transition the child to Petitioner, the Court had a hearing on March 2, 2017, in which all parties agreed Petitioner would travel to the United States arriving on Sunday, March 5, 2017, for a transition period lasting between five and ten days and then return to Japan with the child. See Clerk's Minutes (Dkt. No. 69). Although counsel for Respondents indicated during the hearing that Respondents had obtained additional counsel to pursue an appeal, no notice of appeal had been filed. The Court cautioned that the return of the child would proceed unless a stay was granted.

At a hearing the following day, counsel for the parties further discussed the logistics of the transition of the child to Petitioner. See Clerk's Minutes (Dkt. No. 72). Petitioner arrived in Florida on March 5, 2017, as scheduled and began the agreed upon transition of the child on Monday, March 6, 2017. On March 7, 2017, the Court appointed a Guardian ad Litem to facilitate the child's transition from Respondents to Petitioner for her return to Japan. See Order (Dkt. No. 77). After conferring with the Guardian ad Litem, the Court convened another hearing on March 9, 2017, at which, without objection, the Court ordered

that the return of the child to Petitioner be completed on Saturday, March 11, 2017, for a return flight to Japan on Sunday, March 12, 2017. See Order (Dkt. No. 80).

Shortly after the March 9th hearing, Respondents filed a Notice of Appeal but no motion to stay. Around mid-day on Friday, March 10, 2017, Petitioner filed an unopposed motion requesting that the Court enter an Order directing that the child be delivered to Petitioner at a particular time and place. See Emergency Motion for Amended Order Regarding Exchange of Child and Status Update (Dkt. No. 84). The Court granted that motion, ordering Respondents to deliver the child to Petitioner at 10:30 a.m. on Saturday morning at a designated park. See Order (Dkt. No. 85). The Court has been given no reason to believe that the return did not occur as ordered. Some three hours later, Respondents filed the instant Motion to stay.

Simply put, the Motion is too late. Respondents waited until after the carefully orchestrated transition of the child to the Petitioner had occurred before attempting to seek a stay of the Court's orders. Even if the Court were inclined to grant a stay, by waiting until Saturday afternoon, and after the child had been returned to Petitioner, Respondents created a circumstance in which the Court can not effectively grant relief. Notably, although Respondents did file the Motion on Saturday afternoon, they did not file it as an emergency motion. To the contrary, appellate counsel candidly acknowledged the Motion could not be filed as an emergency given that the Court's Order had been entered some three weeks earlier, on February 17, 2017. Respondents also made no effort to advise the Court, through the Clerk or by other means, that the Motion had even been filed. But for the undersigned checking the Court docket in an abundance of caution late Saturday afternoon, the Court would have been unaware of the filing until well after the child had left

3

the jurisdiction.   Even having reviewed the Motion, it is simply too late to grant the requested relief.   The Court can neither fully evaluate the merits of the Motion, nor locate the Petitioner and child to prevent their travel to Japan at this point in time.   Indeed, Respondents do not even suggest how the Court could accomplish a stay at this time.

Regardless, even if the Court were able to accomplish the relief requested, the Motion would be due to be denied.   To obtain a stay, Respondents must "make a strong showing that [they are] likely to succeed on the merits" of their appeal.   Chafin v. Chafin, 133 S.Ct. 1017, 1027 (2013).   This they have not done.   In the Motion, Respondents quarrel with the Court's factual determinations.   In doing so, they focus on what they describe as Petitioner's "struggle with credibility" and ignore the evidence supporting the Court's findings, including the father's testimony that he arranged for Petitioner, pregnant with the child, to return to Japan, as well as the Court's observations regarding Respondent Terrance Cunningham's own credibility struggles.   Not surprisingly, Respondents disagree with the Court's determination regarding the child's country of habitual residence and their well settled defense.   However, they fail to convincingly argue that the Court's determinations are not supported by both the evidence presented and the applicable law.[1] Having presided over the four day evidentiary hearing, observed the parties, and carefully weighed all of the evidence presented, the Court reached the difficult conclusion that Japan

---

[1] The Court notes that Respondents citation to Sewald v. Resinger, 2009 WL 6767881 (11th Cir. Nov. 19, 2009) utterly misapprehends the decision.  There, the court actually determined that a child who was born in Germany after the mother unilaterally moved to Germany prior to the child's birth, must be returned to Germany as that was the county of the child's habitual residence.   While the Court determined that Petitioner's return to Japan prior to the birth of the child in this Hague proceeding was not unilateral, the Sewald decision does nothing to support Respondents' argument in the Motion.

was the country of the child's habitual residence.  The arguments in the Motion fail to convince the Court that its conclusion was in error.

In consideration of the foregoing, even if the Court could accomplish the relief Respondents seek, the Motion would be due to be denied on the merits.  While a brief stay allowing Respondents to seek relief from the Court of Appeals might have been appropriate if the Motion had been filed earlier, it is just too late for the Court to order such a stay now. In reaching this conclusion, the Court notes that appellate counsel was retained on March 1, 2017, yet waited until March 9th after completion of all of the proceedings and the entry of the final return order before even making an appearance or filing a notice of appeal.  And even then, Respondents did not seek an immediate stay but rather waited until after the child had been returned to Petitioner.  A stay at this point is just too late.  Indeed, as the Court prepares this Order, it does so knowing that Petitioner and the child likely have departed already for Japan.

Accordingly, it is **ORDERED**:

The Motion to Stay Court's February 17, 2017 Opinion and Order, March 9 Order Directing Return, and to Waive Bond and Incorporated Memorandum of Law (Dkt. No. 92) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record