UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYOKO CUNNINGHAM,

    Petitioner,

v.                                  CASE NO. 3:16-cv-1349-J-34JBT

TERRANCE CUNNINGHAM and
GLENDA CUNNINGHAM,

    Respondents.
_____/

# **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Petitioner's Motion to Tax Costs ("Motion") (Doc. 75), Respondents' Response thereto (Doc. 95), Petitioner's Reply (Doc. 98), and the parties' Joint Notice as to Costs ("Joint Notice") (Doc. 104). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 102.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Petitioner seeks to recover from Respondents a total of $12,882.01 for expenses and costs pursuant to 22 U.S.C. § 9007(b)(3) and 28 U.S.C. § 1920.[2] (Docs. 75, 98, 104.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part** and **DENIED in part**, and that Petitioner be awarded a total of $12,799.26, including $7,730.23 for necessary expenses pursuant to 22 U.S.C. § 9007(b)(3) and $5,069.03 for taxable costs pursuant to 28 U.S.C. § 1920.[3]

   **I.    Analysis**

      **A.    Necessary Expenses Pursuant to 22 U.S.C. § 9007(b)(3)**

Section 9007(b)(3) states:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

"The petitioner bears the burden to show that expenses are 'necessary,' and if the petitioner satisfies that burden, the burden shifts to the respondent to establish that

---

[2] In the Joint Notice, Petitioner reduces the amount sought from $13,562.01 to $12,882.01. (Doc. 104.) Specifically, Petitioner no longer seeks $180.00 for expedited service of process fees, and the interpreter fees have been reduced by $500.00. (*Id.*)

[3] The undersigned recommends that only the $60.00 fee for service of a subpoena on Detective Dee Gaston, who did not testify at the evidentiary hearing, and the unexplained $22.75 shipping fee are not recoverable.

the expenses are 'clearly inappropriate.'" *Sewald v. Reisinger*, Case No. 8:08-cv-2313-T-27TBM, 2015 WL 6964290, at *2 (M.D. Fla. Nov. 10, 2015).

The Court previously granted Petitioner's Verified Petition for the Return of Minor Child, and Petitioner's minor child was returned to Japan. (Docs. 61 & 94.) Petitioner now seeks to recover $7,730.23 for airfare and lodging expenses incurred for herself, her teenage son, and Masanori Takeda, her Japanese counsel/expert, to attend and testify in person at the four-day evidentiary hearing.[4] (Docs. 75, 98, 104.) Respondents argue that the airfare and lodging expenses for Petitioner's teenage son and Mr. Takeda were not necessary because the Court permitted witnesses to testify via videoconference or declaration. (Docs. 95 & 104.) The undersigned recommends that this argument be rejected.

"Under ICARA [International Child Abduction Remedies Act], a prevailing petitioner is entitled to reimbursement for necessary expenses related to the return of the child, including transportation costs." *Toufighjou v. Tritschler*, Case No. 8:16-cv-1709-T-33JSS, 2016 WL 6122465, at *3 (M.D. Fla. Sep. 30, 2016) report and recommendation adopted, 2016 WL 6084097 ("[T]he costs incurred for airfare, car rental, and parking related to traveling to Florida to attend the evidentiary hearing and returning A.R.T. to Canada are recoverable."). Respondents cite no binding authority for the proposition that expenses related to the in-person

---

[4] The specific amounts are as follows: Petitioner's airfare: $1,449.65; Petitioner's son's airfare: $3,501.19; Mr. Takeda's airfare: $1,794.11; Petitioner/son's lodging: $542.20; and Mr. Takeda's lodging: $443.08. (Doc. 104.)

attendance of witnesses are not necessary for purposes of section 9007(b)(3) simply because the witnesses could have testified by other means. The importance of live, in-person testimony is well-recognized. *See, e.g.*, *Bridges v. United States*, Case No. 3:15-cv-1248-J-25PDB, 2017 WL 3730569, at *1 (M.D. Fla. May 30, 2017) ("The Advisory Committee Notes to Rule 43 provide that '[t]he importance of presenting live testimony in court cannot be forgotten . . . .").[5]

Neither Petitioner nor her teenage son, both of whom are from Japan, spoke English. In addition to being a witness, Mr. Takeda was allowed to stay in the courtroom during the hearing to translate and ensure that Petitioner had the ability to communicate throughout the proceedings. (Doc. 87 at 7.) This would not have been possible had he not attended the hearing in person. Moreover, the testimony of Petitioner's teenage son, a material witness, was specifically cited in the Court's Order directing the return of the minor child to Japan. (Doc. 61 at 9 n.10.) In short, given the importance of live testimony, the language barrier, and the importance of this case to Petitioner, the undersigned recommends that the airfare and lodging expenses for Mr. Takeda and Petitioner's teenage son were necessary in this case.

Respondents also argue that an award of any costs or expenses in this case would be clearly inappropriate for several reasons, including: they had a good-faith

---

[5] Although it may be typically the adverse party who wants to cross-examine witnesses in open court, the presenting party has an interest in calling live, in-person witnesses for purposes of effective, persuasive communication.

belief that their actions were lawful; they took care of the minor child for over one year with no financial assistance from Petitioner; they have already paid or been ordered to pay certain fees and expenses related to this case; payment of expenses would adversely affect their ability to provide for the child in the future; and they have limited financial means. (Docs. 95 & 104.) The undersigned recommends that these arguments be rejected.

Respondents' good-faith argument "is relevant to the merits of the underlying action and therefore has no bearing on the propriety of [Petitioner's] claimed expenses." *Toufighjou*, 2016 WL 6122465, at *4. Moreover, an award of expenses would not be clearly inappropriate simply because Respondents incurred child care expenses while the child was in their custody, paid $538.00 for mediation costs, and were ordered to pay $1,360.00 in airfare costs to return the child to Japan. (*See* Docs. 95 & 104.)

Respondents also argue that they cannot afford to pay the requested expenses, and that paying them would hinder their efforts to provide future support for the child. (*Id.*) "In cases arising under ICARA, the court may reduce a fee award based on the respondent's financial situation and resulting inability to pay." *Toufighjou*, 2016 WL 6122465, at *4. Although Respondents generally assert in the Response and Joint Notice that they are now both unemployed, that they are responsible for certain medical expenses, and that they otherwise live on fixed minimal incomes, they have offered no specific evidence of their complete financial situation that might persuade the undersigned to conclude that a reduction is

5

warranted.[6] Therefore, the undersigned recommends that Petitioner be awarded $7,730.23 for necessary expenses pursuant to section 9007(b)(3).[7]

### B. Taxable Costs Pursuant to 28 U.S.C. § 1920

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party." This provision "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). "However, a court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

Section 1920 allows taxation of the following relevant costs:

> (1) Fees of the clerk and marshal; . . . (3) Fees and disbursements for printing and witnesses; . . . (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

Petitioner seeks a total of $5,151.78 in costs, including: witness fees for two witnesses (totaling $141.53); interpreter fees (totaling $4,807.50); and service of

---

[6] The undersigned notes that Petitioner is not seeking attorneys' fees, to which she would be entitled under section 9007(b)(3), because her counsel represented her on a pro bono basis. Presumably, reasonable attorneys' fees would dwarf the amount sought by Petitioner for expenses.

[7] Some documentation submitted in support of these expenses is in another language and references another currency. (*See* Doc. 75-2; Doc. 98 at 11–14.) However, because Respondents do not specifically challenge these amounts, the undersigned recommends that the documentation is sufficient.

6

process fees for three witnesses (totaling $202.75). (Docs. 75 & 104.) As set forth above, Respondents argue that the Court should exercise its discretion and not award any costs. (Docs. 95 & 104.) For the reasons set forth above, the undersigned recommends that this argument be rejected.

Alternatively, Respondents argue that a "shipping fee" of $22.75 and a $60.00 fee for service of a subpoena on a witness who did not testify are not recoverable under section 1920. (*Id.*) The undersigned recommends that these costs are not recoverable.

"It is well settled that costs for 'shipping and handling' or postage costs are not recoverable expenses under § 1920." *Kobie v. Fithian*, Case No. 2:12-cv-98-FtM-29DNF, 2014 WL 2215752, at *2 (M.D. Fla. May 28, 2014). In the absence of any explanation regarding the $22.75 shipping fee, the undersigned recommends that it is not recoverable. (*See* Doc. 75-1 at 18.)

"In order to recover subpoena costs for witnesses who did not ultimately testify at trial, the witnesses must have been reasonably necessary for trial." *U.S. v. Degayner*, Case No. 6:06-cv-1462-Orl-19KRS, 2009 WL 111673, at *5 (M.D. Fla. Jan. 15, 2009). Petitioner states only that the subject witness, Detective Dee Gaston, remained at the courthouse for the duration of the hearing but did not testify due to time constraints. (Doc. 104 at 6.) Because Petitioner has not provided any information regarding the substance of the witness's testimony, the undersigned cannot determine whether the witness was reasonably necessary.

Therefore, the undersigned recommends that this $60.00 cost is not recoverable. (Doc. 75-1 at 20.)

The remainder of the costs sought, which are not specifically challenged, include witness fees, interpreter fees, and service of process fees, all of which are recoverable under section 1920. *See* 28 U.S.C. § 1920(1), (3), & (6); *Martinez v. Hernando Cty. Sheriff's Office*, Case No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *5 (M.D. Fla. Nov. 13, 2013) ("Costs for private service of summons and subpoenas may be taxed pursuant to section 1920(1)."). Therefore, the undersigned recommends that Petitioner be awarded $5,069.03 for taxable costs pursuant to section 1920.[8]

## II. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 75**) be **GRANTED in part** and **DENIED in part**.

2. Petitioner be awarded a total of $12,799.26, including $7,730.23 for necessary expenses pursuant to 22 U.S.C. § 9007(b)(3) and $5,069.03 for taxable costs pursuant to 28 U.S.C. § 1920.

3. The Clerk of Court be directed to enter judgment accordingly.

---

[8] The undersigned has reviewed the documentation submitted and recommends that it substantiates these costs. (Doc. 75-1.)

**DONE AND ENTERED** at Jacksonville, Florida, on December 15, 2017.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record